COMMERCIAL CASUALTY INS. CO. et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4647.   Decided April 13, 1928.   (266 P. 721.)

*Story, Crow & Gardner*, of Salt Lake City, for plaintiffs.

*J. Robert Robinson*, Asst. Atty. Gen., and *George F. Wasson*, of Salt Lake City, for defendants.

CHERRY, J.

After a hearing and upon findings that Herbert F. Savage had on December 31, 1926, died as the result of an accident arising out of and in the course of his employment while regularly employed by the Ashton-Jenkins Insurance Company, an employer subject to the Workmen's Compensation Law (Comp. Laws 1917, §§ 3061-3165), the Industrial Commission made an award of compensation to Florence H. Savage, his widow, for the benefit of herself and two minor children, against the employer and its insurer, the Commercial Casualty Insurance Company. By this proceeding the employer and insurer seek the annulment of the award upon the grounds that the Industrial Commission exceeded its jurisdiction by finding without competent evidence (1) that the deceased was employed by the Ashton-Jenkins Insurance Company, and (2) that the deceased died as the result of an accident.

Upon the first proposition, it is the contention of the plaintiffs that the deceased, at the time of his death, stood

in the relation of an independent contractor and not as an employee with the Ashton-Jenkins Insurance Company. This company was incorporated October 1, 1925, and since that time and until his death the deceased was engaged in soliciting insurance for it. On the part of the company there was evidence of an arrangement whereby the company advanced to the deceased the sum of $200 per month with the understanding that his compensation should depend and be fixed according to the amount of insurance business which he secured for the company. It was admitted that the commissions upon the business secured by the deceased did not equal the monthly payments made to him, but that notwithstanding the stated monthly payments were continued. For a short time accounts were kept of the commissions earned by deceased, but this was soon discontinued. The books of the company introduced in evidence showed that the deceased was listed as a selling agent along with other regular employees, and that his rate of compensation was $200 per month, which was regularly allowed or paid to him up to the time of his death. It appeared that deceased was indebted to the company on some previous transaction, and that deductions of from $50 to $100 to apply on that account were made from his monthly salary from month to month until and including September, 1926, when the indebtedness was paid in full. For the months of October, November, and December, 1926, deceased was paid in full his regular salary of $200 per month. It further appeared that in previous reports made by the company to the Industrial Commission and to the insurer the deceased was listed and represented as an employee of the company. We think it a plain and necessary conclusion from the evidence that the deceased was an employee of the company, and not an independent contractor. Whatever may have been the original intention to merely deal with him as an independent insurance broker, the fact was that that idea was abandoned and he was in fact made an employee of the company at a fixed salary which was regularly allowed

and paid to him for his services independent of the amount of business he secured for his employer.

The second contention of the plaintiffs is that there is no competent evidence to support the finding that the deceased died as the result of an accident. That there was an accident and that the deceased died shortly thereafter is not and cannot be denied. The claim is that no causal connection between the accident and death is legally established. The deceased, on December 31, 1926, in the course of his employment as an insurance solicitor, was descending the stairs to the lower floor of the City and County Building, in Salt Lake City, when he slipped and fell, striking his back upon the steps, and then tumbled over five or six steps to the bottom of the stairs. He got up unassisted, brushed his clothes, and walked twenty or thirty feet to a chair and sat down. He complained of a severe pain in his back and gave directions to call an acquaintance in the building. Soon thereafter an ambulance and a physician were called, and the injured man, accompanied by J. C. Jensen, an abstractor, was taken to a hospital where he died about one hour later. From the time of the injury until his death he complained constantly of severe pain in his back. The deceased, previous to the accident, was in good health and when seen descending the stairs appeared to be walking erect and steady until he slipped and fell. He got up without assistance and did not lose consciousness until he died. Thus far the evidence was not contradicted. There was a dispute in the evidence as to the cause of death and the relation of the accident to the death. The physician who was called to attend the injured employee at the time of the accident, and who saw him again at the hospital before he died, testified that he examined him for indications of external injury and found none; that five or six years previously he had treated him for an ailment of the heart called Stokes-Adams disease; that the clinical symptoms after the fall on the steps were slowing of pulse, weakness of heart sounds, and difficulty in breath-

ing; and that in his opinion deceased died solely and exclusively from dilatation of the heart. On the contrary, two physicians testified to having made careful examinations of deceased, one of them less than three years before his death, and the other within three months of his death, and both pronounced him at such times free from any affection of the heart. One of the physicians, basing his opinion on the symptoms above referred to and the other proved facts in the case, including the apparent previous good health of the deceased, the fact that after the fall the employee arose without assistance, brushed off his clothes, walked twenty or thirty feet, remained conscious and constantly complained of severe pains in the lower part of his back until his death, expressed the opinion that the deceased died from a hemorrhage due to some injury to the viscera, either the liver or kidneys, and that such internal injury could occur when there was no external indication of violence. Other evidence tended to corroborate this view, and some of the statements of fact testified to by the physicians who attended the employee at the time of the accident were directly contradicted. The fact that one physician based his opinion on symptoms that he personally observed is no ground for preferring that opinion to a different one by another physician based upon the same symptoms included in a hypothetical question. Both opinions, so far as symptoms observed at the time of the accident were concerned, were based upon the same hypothesis. The question was one of fact upon which the evidence was conflicting, and we are clearly of the opinion that the Industrial Commission acted within its lawful jurisdiction and upon sufficient competent evidence when it found as a fact that the deceased died as the result of the accident.

Judgment affirmed.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON JJ., concur.